UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL HUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14CV00073 ERW |
| | ) | |
| J. HURLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants James Hurley, Terri Chenoweth, Daniel Wombles, Susan Kattleman, Timothy Truelove, Stephen Burgett, Roxane Speagle, and Timothy Wood's Motion to Dismiss [ECF No. 36].

## I. BACKGROUND

Plaintiff Daniel Human ("Plaintiff") initiated this lawsuit by filing a complaint on July 3, 2014 [ECF No. 1]. On March 12, 2015, Pro Bono Counsel was appointed [ECF No. 27]. On May 1, 2015, Plaintiff filed an amended complaint [ECF No. 33]. On May 27, 2015, Defendants James Hurley ("Hurley"), Terri Chenoweth ("Chenoweth"), Daniel Wombles ("Wombles"), Susan Kattleman ("Kattleman"), Timothy Truelove ("Truelove"), Stephen Burgett ("Burgett"), Roxane Speagle ("Speagle"), and Timothy Wood ("Wood") filed their pending Motion to Dismiss [ECF No. 36] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), seeking to dismiss all claims stated in Plaintiff's Amended Complaint. For purposes of this motion to dismiss, the Court accepts as true the following facts alleged in Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiff is an inmate at Northeast Correctional Center ("NECC") in Bowling Green, Missouri, and has been since November 12, 2013 [ECF No. 33]. Prior to arriving at NECC, Plaintiff had a reported medical diagnosis of sciatica[1] and a left inguinal hernia. At prior facilities, he had been assigned to desk work and other clerical positions. In March 13, 2014, after Plaintiff had been transferred to NECC, he was assigned to the "Captain's Crew" ("Crew") which worked outdoors, performing physical labor. Plaintiff informed Chenoweth, the correctional officer in charge of the Crew, and Wombles, a sergeant at NECC and Chenoweth's supervisor, of his medical conditions limiting him from performing physical work.

On April 11, 2014, Deborah Harrell, APRN FNP-C, examined Plaintiff and issued work restrictions stating Plaintiff was restricted from "repetitive bending, stooping, or squatting" for work assignments. Plaintiff informed Chenoweth and Wombles of his restrictions. Plaintiff was informed he would be required to check in with the Crew in the mornings but would return to his housing unit. From April 14, 2014, until April 25, 2014, this procedure was followed. On April 26, 2014, Plaintiff was instructed by Chenoweth to report to active duty on the Crew. Wombles reiterated Chenoweth's instruction to report to active duty. Plaintiff's duties throughout the morning caused him great pain. Plaintiff attempted to again notify Chenoweth and Wombles of his work restrictions. Wombles told Plaintiff he could either work the Crew as ordered or refuse and be cuffed, written up, placed in solitary confinement, and lose visitor's privileges. Wombles also told Plaintiff if he asked for the shift commander, he would be locked up for doing so.

Plaintiff wrote to Truelove, NECC's Chief of Security, and Hurley, Warden of NECC, advising them of what happened and asking to be reassigned to work within his restrictions. Truelove and Hurley did not respond. Plaintiff asked Speagle, his caseworker, for an emergency

---

[1] Sciatica is pain that radiates along the path of the sciatic nerve, causing pain in the lower back, hips, and buttocks.

Informal Resolution Request ("IRR") asking for a reassignment of work duties, but Speagle refused.

On April 29, 2014, the medical unit at NECC added new medical restrictions. Plaintiff's total restrictions were "no repetitive bending, stopping and squatting," "no prolonged standing x 20 minutes," and required use of a cane as his "assistive device."[2] Plaintiff notified Chenoweth and Wombles of the new restrictions, but Plaintiff was forced to continue working in the Crew. Hurley witnessed Plaintiff's labor and instructed Chenoweth and others to ignore the restrictions and to continue requiring Plaintiff to work on the Crew.

On May 25, 2014, Plaintiff notified Burgett, a correctional officer who supervises inmates working in the A-Side yard where Plaintiff worked, of his restrictions and that his work assignments violated those restrictions. On June 6, 2014, Plaintiff informed Kattelman, another correctional officer who supervises inmates working in the A-Side yard, of the same. Both Burgett and Kattelman acknowledged the violations but refused to reassign him or report the violation to a superior. Wood, the functional unit manager in charge of Plaintiff's housing unit, learned of the violation of Plaintiff's restrictions but refused to reassign him or report it to a supervisor.

On June 10, 2014, Plaintiff submitted a written request to his caseworker requesting a form to file a grievance and did not receive a response. Plaintiff filed an IRR on April 30, 2014, but did not receive a response within forty days as required. On June 17, 2014, Plaintiff again requested a form to file a grievance from his caseworker and again did not receive a response.

---

[2] The petition states these restrictions were added on April 29. However, the documents attached to the petition illustrate the restriction for "no prolonged standing more X 20 minutes" was given on May 29.

On July 22, 2014, Plaintiff received a response from the Warden's office denying his grievance.[3] Plaintiff appealed the denial on July 31, 2014, and it was denied on August 29, 2014.

At a later date, Plaintiff requested a room change, which is standard for inmates in good standing. On December 4, 2014, Wood moved Plaintiff to a cell containing two smokers, even though Wood knew Plaintiff was allergic to smoke. Plaintiff filed a grievance regarding this but it was denied, along with his appeal. On February 10, 2015, Crum, a sergeant currently in charge of Plaintiff's housing unit, assigned Plaintiff to clean showers which required Plaintiff to climb stairs. Plaintiff filed a grievance stating this violates his medical work restrictions but it was denied. After this denial, Plaintiff wrote a letter to this Court. Hurley responded denying the work assignment was in violation of Plaintiff's restrictions. Plaintiff is still performing physical labor and living with cellmates who smoke.

Plaintiff asserts two counts against Defendants. In Count I, Plaintiff asserts Defendants deprived Plaintiff of his constitutional rights to be secure in his person and free from the imposition of cruel and unusual punishment. In Count II, Plaintiff asserts Defendants deprived Plaintiff of his constitutional right to adequate medical treatment for known risks to his health. Defendants now seek to dismiss Plaintiff's claims.

## II. STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim

---

[3] It is unclear from the complaint when Plaintiff actually filed his grievance or how he was able to obtain the form to do so after his caseworker did not supply him a form.

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

### III.  DISCUSSION

Defendants assert three grounds for dismissal. First, Defendants argue Plaintiff has failed to state a claim that Defendants acted with deliberate indifference in the work assignment context pursuant to FRCP 12(b)(6). Second, Defendants contend Plaintiff's claims against Defendants Truelove and Hurley must be dismissed as there is no supervisory liability under 42 U.S.C. § 1983. Lastly, Defendants assert they are entitled to qualified immunity. Each argument will be addressed *infra*.

*a.     Eighth Amendment and Deliberate Indifference*

In their Motion, Defendants argue Plaintiff fails to state a claim that Defendants acted with deliberate indifference in the work assignment context or with regards to Plaintiff's serious medical needs. Defendants assert Plaintiff fails to give notice as to what the claims actually are, and fails to establish deliberate indifference to Plaintiff's medical needs. Plaintiff asserts he has

included sufficient allegations of deliberate indifference to survive dismissal.

Plaintiff's complaint involves two types of claims brought under the Eighth Amendment. His claims concern prison working conditions and his medical needs. It is impossible to separate the two in this matter because Plaintiff's complaint concerns components of both and neither exactly fits this context. Plaintiff's complaint is best thought of as the prison officials' deliberate indifference towards his medical needs in prison working conditions.[4] As such, the Court will analyze both.

A claim brought by a prisoner concerning prison working conditions is properly analyzed under the Eighth Amendment. *Stephens v. Johnson*, 83 F.3d 198, 200 (8th Cir. 1996). To succeed on such a claim, Plaintiff must prove the conditions challenged were "objectively, sufficiently serious" and the prison official acted with a "sufficiently culpable state of mind." *Id*. The state of mind a plaintiff must establish is "deliberate indifference to inmate health or safety." *Id*. A prison official acts with deliberate indifference when he knowingly compels a prisoner to perform physical labor beyond the prisoner's strength, which constitutes a danger to their health, or which is unduly painful. *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993). This state of mind is "highly culpable" and more than an ordinary lack of due care. *Id*.; *see also Stephens*, 83 F.3d at 201.

A prison official's deliberate indifference towards a prisoner's serious medical needs also violates the Eighth Amendment. *Meloy v. Bachmeier*, 302 F.3d 845, 848-49 (8th Cir. 2002). To establish deliberate indifference, a prisoner must show he has objectively serious medical needs and the official actually knew of those needs but deliberately disregarded them. *Id*. This may be manifested by a prison official denying or delaying access to medical care. *Id*. A serious

---

[4] There is no suggestion in the complaint Plaintiff was denied access to a doctor.

medical need is one so obvious even a layperson could easily recognize the necessity for a doctor's attention. *Bice v. Jordan*, No. 1:10-CV-21(CEJ), 2011 WL 1226898 at *3 (E.D.Mo. Mar. 30, 2011) (citing *Vaughan v. Greene County, Ark.*, 438 F.3d 845, 851 (8th Cir. 2006)).

Plaintiff has successfully pled allegations he has a medical need preventing him from performing certain actions. *See* ECF No. 33, ¶¶ 15, 23. Defendants recognize Plaintiff's physical restrictions issued by the Medical Unit included no "repetitive bending, stooping or squatting." They seize on the word "repetitive" in concluding Plaintiff fails to adequately show working conditions required him to repetitively bend, stoop or squat. "Repetitive" is defined in the *Random House Dictionary of the English Language*, Unabridged Edition, 1966, as "pertaining to or characterized by repetition." "Repetition," by that same authoritative source, is defined as "the act of repeating; repeated action, performance, production or presentation." Defendants do not deny Plaintiff was required to pick up cigarette butts, pieces of trash and clean tables, benches and showers. At least part of the time, he was encumbered with a cane. Plaintiff complies with *Iqbal/Trombly* to avoid dismissal at this stage of the proceedings.

    b.    *Supervisory Liability*

Defendants James Hurley[5] and Timothy Truelove[6] assert Plaintiff's complaint fails to state a claim against them because there is no supervisory liability under 42 U.S.C. § 1983. Plaintiff argues he has shown Defendants Hurley and Truelove were indifferent to and tacitly authorized the actions taken which creates liability under 42 U.S.C. § 1983.

Under 42 U.S.C. § 1983, liability requires a causal link to the deprivation of rights, including direct responsibility for the deprivation. *Madewell v. Roberts*, 909 F.3d 1203, 1208 (8th Cir. 1990). A supervisor cannot be held liable on a theory of respondeat superior for an

---

[5] Defendant Hurley is the warden of the prison.
[6] Defendant Truelove is the chief of security at the prison.

employee's actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). To be liable, the supervisor "must know of the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Id.* However, a prison warden can be held liable for policy decisions which create the unconstitutional condition. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Plaintiff has included sufficient allegations against Defendant Hurley. Plaintiff alleged he wrote multiple letters to Defendant Hurley and received responses denying the work assignment was in violation of Plaintiff's work restrictions. *See* ECF No. 33, ¶¶ 20, 30, 37, and Ex. 8. This shows Defendant Hurley knew of the conduct and approved of it, which is enough to satisfy the standard.[7] However, the same is not true of Defendant Truelove. Plaintiff alleges he wrote to Defendant Truelove of the violation but received no response. ECF No. 33, ¶¶ 20, 21. There are no other allegations concerning Defendant Truelove in the complaint. Simply receiving letters and complaints without more direct involvement does not create supervisory liability. *Woods v. Goord*, No. 97 CIV 5143(RWS), 1998 WL 740782 at *6 (S.D.N.Y. Oct. 23, 1998). The claims against Defendant Truelove will be dismissed, without prejudice.

    c.    *Qualified Immunity*

Defendants assert they are entitled to qualified immunity because Plaintiff has not sufficiently alleged a constitutional violation and Plaintiff's rights were not clearly established at the time. Plaintiff contends Defendants are not entitled to qualified immunity because they knowingly violated Plaintiff's constitutional rights.

State actors are entitled to qualified immunity in a § 1983 action. *McRaven v. Sanders*,

---

[7] This refers solely Plaintiff's sufficiency of pleading regarding Defendant Hurley's liability. The claim against Defendant Hurley still faces the deficiency for all of the claims discussed in *supra*. Plaintiff has alleged enough to establish direct liability for Defendant Hurley, but still must establish deliberate indifference which he has not done.

577 F.3d 974, 980 (8th Cir. 2009). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Id.* (quoting *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009)). An official is not entitled to qualified immunity if he knew or reasonably should have known the action he took would violate Plaintiff's constitutional rights, or if he took the action with the intent to maliciously cause a deprivation of constitutional rights. *Amrbose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007). To determine whether a right is clearly established, the Court asks whether it would be clear to a reasonable officer his conduct was unlawful in the situation confronted. *McClendon v. Story Cty Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).

The Eighth Amendment forbids a prison official from "knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." *Sanchez v. Taggert*, 144 F.3d 1154, 1156 (9th Cir. 1998). To establish a violation of this right under the first prong of the qualified immunity analysis, Plaintiff must prove an objective component, whether being told to work despite his medical restrictions was beyond the inmate's strength, dangerous, or unduly painful, and a subjective component, whether the officials knew of it but disregarded it or were deliberately indifferent to Plaintiff's medical restrictions. *Ambrose*, 474 F.3d at 1077-78. On the facts currently alleged, Plaintiff has established a constitutional right was violated and the right was clearly established. It would be clear to a reasonable officer his conduct was unlawful if when faced with a prisoner's medical restrictions, he continued to require the prisoner to work in ways violating those restrictions.[8]

---

[8] The facts may show, at a later juncture in the case, that Defendants are entitled to qualified immunity. However, at this stage of litigation, the Court may only consider the facts as alleged by Plaintiff and the Court must accept these facts as true.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James Hurley, Terri Chenoweth, Daniel Wombles, Susan Kattleman, Timothy Truelove, Stephen Burgett, Roxane Speagle, and Timothy Wood's Motion to Dismiss [ECF No. 36] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff Daniel Human's claims against Defendant Timothy Truelove are **DISMISSED, without prejudice**.

Dated this 2nd Day of September, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE